# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re: §
§
WEINER, MICHAEL AARON  § Case No. 10-00363
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7 of the United States Bankruptcy Code on 01/06/2010 . The undersigned trustee was appointed on 01/06/2010 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of        $        4,516.60

   Funds were disbursed in the following amounts:

   | | |
   |---|---|
   | Administrative expenses | 0.00 |
   | Payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Payments to the debtor | 0.00 |

   Leaving a balance on hand of[1]     $        4,516.60

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 06/11/2010 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009) *(Page: 1)*

claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,131.65 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,131.65 , for a total compensation of $ 1,131.65 . In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 .

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 06/18/2010     By:/s/PHILIP V. MARTINO
                               Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

## TASKS PERFORMED BY TRUSTEE

Reviewed petition in preparation for 341 meeting; attended the 341 meeting; conferences with Debtors' and creditors' counsel regarding assets; reviewed court claims docket and proofs of claim; addressed income tax issues (no return required); maintained estate's bookkeeping records, and filed the necessary reports, including this final report, with the Office of the U.S. Trustee.

Page: 1
Exhibit A

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Case No: 10-00363  PSH  Judge: PAMELA S. HOLLIS  
Case Name: WEINER, MICHAEL AARON  
For Period Ending: 06/18/10

Trustee Name: PHILIP V. MARTINO  
Date Filed (f) or Converted (c): 01/06/10 (f)  
341(a) Meeting Date: 02/11/10  
Claims Bar Date: 06/11/10

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. MULTIPLE CHECKING ACCOUNTS | 4,266.33 | 4,516.33 | | 4,516.33 | FA |
| 2. RENT DEPOSIT | 2,125.00 | 0.00 | DA | 0.00 | FA |
| 3. HOUSEHOLD FURNISHINGS | 1,770.00 | 0.00 | DA | 0.00 | FA |
| 4. PAINTINGS | 600.00 | 0.00 | DA | 0.00 | FA |
| 5. JEWELRY | 4,200.00 | 0.00 | DA | 0.00 | FA |
| 6. IRA ACCOUNT | 68,858.67 | 0.00 | DA | 0.00 | FA |
| 7. STOCK INTERESTS | 0.00 | 0.00 | DA | 0.00 | FA |
| 8. PARTNERSHIP INTERESTS | 0.00 | 0.00 | DA | 0.00 | FA |
| 9. ACCOUNTS RECEIVABLE Dated1993 and/or no note. | 111,437.00 | 0.00 | DA | 0.00 | FA |
| 10. 1991 PORSCHE 944 | 3,500.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.27 | Unknown |

TOTALS (Excluding Unknown Values)  $196,757.00  $4,516.33    $4,516.60

Gross Value of Remaining Assets  $0.00  
(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR): 09/30/10   Current Projected Date of Final Report (TFR): 09/30/10

LFORM1  UST Form 101-7-TFR (9/1/2009) (Page: 3)

Ver: 15.09

Page: 1
Exhibit B

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Case No: 10-00363 -PSH
Case Name: WEINER, MICHAEL AARON
Taxpayer ID No: *******9863
For Period Ending: 06/18/10

Trustee Name: PHILIP V. MARTINO
Bank Name: BANK OF AMERICA, N.A.
Account Number / CD #: ******0467 BofA - Money Market Account
Blanket Bond (per case limit): $ 5,000,000.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| 03/16/10 | 1 | Michael A. Weiner 2241 W. Wabansia, Apt. 302 Chicago, IL 60647 | | 1110-000 | 4,526.33 | | 4,526.33 |
| 03/31/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.05 | | 4,526.38 |
| 04/28/10 | 1 | Michael A. Weiner | 3/16/10 deposit was $4,516.33-typo | 1110-000 | | 10.00 | 4,516.38 |
| 04/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.11 | | 4,516.49 |
| 05/28/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.11 | | 4,516.60 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | | 4,526.60 | 10.00 |
| Less: Bank Transfers/CD's | | 0.00 | 0.00 |
| Subtotal | | 4,526.60 | 10.00 |
| Less: Payments to Debtors | | | 0.00 |
| Net | | 4,526.60 | 10.00 |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS BofA - Money Market Account - ********0467 | 4,526.60 | 10.00 | 4,516.60 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | |
| | 4,526.60 | 10.00 | 4,516.60 |
| | | Total Funds On Hand | |

Page Subtotals 4,526.60 10.00

ANALYSIS OF CLAIMS REGISTER

CASE NO:　　　　　　　　　10-00363-PSH
CASE NAME:　　　　　　　　WEINER, MICHAEL AARON
CLAIMS BAR DATE:　　　　　06/11/10
CLAIMS REVIEWED BY:　　　PHILIP V. MARTINO, Trustee

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
|  | PHILIP V. MARTINO<br>203 NORTH LASALLE STREET<br>SUITE 1800<br>CHICAGO, IL 60601 | Administrative |  | 0.00 | 1,131.65 | 1,131.65 |
|  | PHILIP V. MARTINO<br>203 NORTH LASALLE STREET<br>SUITE 1800<br>CHICAGO, IL 60601 | Administrative |  | 0.00 | 0.00 | 0.00 |
|  |  |  | Subtotal for Class Administrative | 0.00 | 1,131.65 | 1,131.65 |
| 000001<br>070<br>7100-00 | Advance Acceptance<br>100 Prairie Center Dr<br>Eden Prairie, MN 55344 | Unsecured |  | 5,921.42 | 4,527.38 | 4,527.38 |
| 000002<br>070<br>7100-00 | PYOD LLC its successors and<br>assigns as assignee of<br>Citibank<br>c/o Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602- | Unsecured |  | 0.00 | 494.82 | 494.82 |
| 000003<br>070<br>7100-00 | Fifth Third Bank<br>c/o Jerry L. Switzer, Jr.<br>Polsinelli Shughart, P.C.<br>161 N. Clark Street, Suite 4200<br>Chicago, IL 60601 | Unsecured |  | 815,025.68 | 815,075.68 | 815,075.68 |
| 000004<br>070<br>7100-00 | Bert Zaczek<br>311 N Aberdeen St Suite 300B<br>Chicago, IL 60607 | Unsecured |  | 1,000,000.00 | 29,954.70 | 29,954.70 |
|  |  |  | Subtotal for Class Unsecured | 1,820,947.10 | 850,052.58 | 850,052.58 |
|  |  |  | Case Totals: | 1,820,947.10 | 851,184.23 | 851,184.23 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-00363
Case Name: WEINER, MICHAEL AARON
Trustee Name: PHILIP V. MARTINO

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee: PHILIP V. MARTINO | $ 1,131.65 | $ 0.00 |
| Attorney for trustee: | $_____ | $_____ |
| Appraiser: | $_____ | $_____ |
| Auctioneer: | $_____ | $_____ |
| Accountant: | $_____ | $_____ |
| Special Attorney for trustee: | $_____ | $_____ |
| Charges: | $_____ | $_____ |
| Fees: | $_____ | $_____ |
| Other: | $_____ | $_____ |
| Other: | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

UST Form 101-7-TFR (9/1/2009) *(Page: 6)*

|  | Reason/Applicant | Fees | Expenses |
|---|---|---|---|
| Attorney for debtor: | | $ | $ |
| Attorney for: | | $ | $ |
| Accountant for: | | $ | $ |
| Appraiser for: | | $ | $ |
| Other: | | $ | $ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 850,052.58 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.4 percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000001 | Advance Acceptance | $ 4,527.38 | $ 18.03 |
| 000002 | PYOD LLC its successors and assigns as assignee of | $ 494.82 | $ 1.97 |
| 000003 | Fifth Third Bank | $ 815,075.68 | $ 3,245.67 |
| 000004 | Bert Zaczek | $ 29,954.70 | $ 119.28 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00 .